The STATE of Ohio, Appellee,

v.

**KESTERSON, Appellant.**

[Cite as *State v. Kesterson* (1993), 91 Ohio App.3d 263.]

Court of Appeals of Ohio,
Ottawa County.

No. 93OT011.

Decided Oct. 22, 1993.

*Lowell Petersen,* Ottawa County, Prosecuting Attorney, and *Tygh M. Tone,* for appellee.

*Kenton P. Weis,* for appellant.

---

*Per Curiam.*

This is an accelerated appeal from sentences imposed by the Port Clinton Municipal Court on an individual found guilty of two separate charges of operating a motor vehicle while under the influence of alcohol. We find that the trial court, by imposing consecutive terms of incarceration, exceeded the maximum misdemeanor sentencing limits set by R.C. 2929.41(E). However, because R.C. 2929.41(E) is self-executing, we need take no action on this error beyond declaring appellant's rights. In all other respects, the trial court's decision is affirmed.

On July 4, 1992, following an accident, appellant Danny R. Kesterson was arrested for operating a motor vehicle while intoxicated ("OMVI"). Appellant's equivalent blood-alcohol content was .274 percent, nearly three times the legal limit. This offense constituted appellant's third OMVI within five years and his ninth overall.

On February 7, 1993, while awaiting trial for the 1992 offense, appellant was again arrested for OMVI: his tenth overall and fourth within five years. This time appellant registered an equivalent blood-alcohol content of .385 percent, nearly four times the legal limit.

Appellant was convicted of each offense in separate trials. For the 1992 offense, the court sentenced appellant to one year in the county detention facility, ordered him to pay a $3,000 fine and costs, and permanently revoked his operator's license. The court also reimposed a thirty-day suspended sentence on a prior offense and ordered that time to be served consecutively. On the 1993 offense, the trial court imposed a sentence of one year in the county detention center along with a $750 fine and costs. On a collateral offense of driving under suspension, the court set an additional fine of $250 and additional jail time of one hundred eighty days, of which one hundred sixty-five were conditionally suspended. All sentences were ordered to be consecutive.

■ From these sentences, appellant brings this appeal, asserting as error that (1) the total consecutive sentences imposed exceed the maximum allowable by R.C. 2929.41(E)(3); (2) the statute is self-executing and appellant must be released after serving eighteen months; and (3) the fines imposed were excessive.

R.C. 2929.41 provides:

"(D) * * * when consecutive sentences of imprisonment are imposed for misdemeanor [*sic* ], the term to be served is the aggregate of consecutive terms imposed.

"(E) Consecutive terms of imprisonment shall not exceed:

" * * *

"(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors."

The state argues that, while R.C. 2929.41(E)(3) may be applicable in more pedestrian offenses, it should not be applied to OMVI offenses, because the legislature has demonstrated in such cases a clear intent to increase punishment for such offenders.

■ While, in this case, we are sympathetic to the state's position, we may not ignore the clear and mandatory language of R.C. 2929.41(E)(3) which, without exception, limits to eighteen months the maximum time one may be imprisoned for the commission of misdemeanors. *State v. Black* (1991), 78 Ohio App.3d 130, 137, 604 N.E.2d 171, 175. Accordingly, to the extent that the aggregate sentences of the trial court exceed eighteen months, there is error. However, because it has been held that R.C. 2929.41(E) is self-executing and automatically limits appellant's term to that eighteen-month period, *State v. White* (1985), 18 Ohio St.3d 340, 18 OBR 381, 481 N.E.2d 596, syllabus, the error is harmless and "there is no necessity for modification of the consecutive sentences imposed so as to limit the * * * term * * * because the effects of the statutory scheme in question are self-executing." *Id.* at 342, 18 OBR at 383, 481 N.E.2d at 597. Accordingly, appellant's second assignment of error, seeking a declaration that R.C. 2929.41(E) limits imprisonment, by self-execution, to eighteen months, is found well taken, rendering the sentencing error complained of in appellant's first assignment of error harmless and, therefore, not well taken.

■ Appellant, in his third assignment of error, complains that the imposition of $4,000 in fines against an indigent defendant is excessive. However, in view of appellant's record of repeat offenses, we find no abuse of discretion. See *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179; R.C. 2929.22; *State v. Cole* (1982), 8 Ohio App.3d 416, 418, 8 OBR 539, 541, 457 N.E.2d

873, 875. Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice was afforded appellant, and the judgment of the Port Clinton Municipal Court is affirmed to the extent that it does not conflict with R.C. 2929.41(E). It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.