OPINION
Defendant-appellant, Robert Miller, appeals the sentence imposed by the trial court after he pled guilty to three misdemeanor violations.
On September 1, 2000, appellant pled guilty to driving under the influence, in violation of R.C. 4511.19(A)(1), no operator's license, in violation of R.C. 4507.02(A)(1), and attempted possession of cocaine, in violation of R.C. 2923.02. All three offenses are first degree misdemeanors. The trial court sentenced appellant to twelve months for driving under the influence, six months for no operator's license, and six months for attempted possession of cocaine. The trial court ordered the three sentences to run consecutively. All three sentences were also to run consecutively to a sentence appellant was already serving for a separate misdemeanor conviction.
Appellant filed a motion to modify sentence on September 19, 2000. The trial court granted the motion in part, finding that when sentencing consecutively for misdemeanors, R.C. 2929.41 prohibits sentencing an offender to an aggregate sentence which exceeds eighteen months. The trial court modified its original sentence, ordering the six month term for attempted possession of cocaine to run concurrently with the six month term for no operator's license. The trial court overruled the remainder of appellant's motion to modify. Appellant appeals from the trial court's decision and raises the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY OVERRULING HIS MOTION TO MODIFY SENTENCE.
 Appellant contends that the trial court erred in overruling the part of his motion in which appellant argued that the trial court could not order the sentences it was imposing to run consecutively to the sentence appellant was already serving for another misdemeanor violation. Specifically, appellant argues R.C. 2929.41(B)(1) limits the time an offender can serve for misdemeanors to eighteen months, whether the sentences were imposed at the same time or previously. Appellant argues that the trial court erred by ordering an eighteen month term to be served consecutively with six month sentence appellant was currently serving for another misdemeanor conviction.
R.C. 2929.41(B)(1) provides:
 A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively ***.
 When consecutive sentences of imprisonment are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.
 We have not yet had the opportunity to address this issue in any of our previous decisions. However, other appellate courts have reached the conclusion that the language of R.C. 2929.41(B)(1) limits the total term of imprisonment for all misdemeanors to eighteen months, including cases in which the sentences are imposed at different times or by different courts. State v. Kesterson (1993), 91 Ohio App.3d 263; Columbus v. Riley (Apr. 12, 1994), 1994 WL 129891 at *1, Franklin App. No. 93APC10-1474, unreported; State v. Dachenhaus (Apr. 11, 1989), 1989 WL 36568 at * 3-4, Henry App. No. 7-87-13, unreported.
After a review of the statutory language and the applicable case law, we find that we must concur in the opinions of the appellate courts above that R.C. 2929.41(B)(1) limits the total term of imprisonment to eighteen months for all misdemeanors, including sentences imposed in different cases at different times by different courts. We agree with the conclusions of the courts above that it is a result we do not favor, but one that is mandated by the clear language of the statute.
Although we find that appellant's argument regarding his sentence has merit, the Ohio Supreme Court has held that such an error in felony cases is not reversible error because the sentencing statute is self-executing and operates automatically. See State v. White (1985), 18 Ohio St.3d 340. This same principle has been held applicable to misdemeanor sentencing cases. Kesterson, 91 Ohio App.3d at 265; State v. Black (1991),78 Ohio App.3d 130, 137. State v. Giannini_(Dec. 11, 1998), 1998 WL 886961 at *4, Mahoning App. No. 97 C.A. 254, unreported; Riley, 1994 WL 129891 at *1; Dachenhaus, 1989 WL 36568 at *3.
Thus, "while a court may wish to sentence a misdemeanant for an aggregate period of longer than eighteen months for whatever reason, the law automatically operates to reduce this sentence to the statutory maximum." Giannini, 1998 WL 886961 at *4. There is no need to modify the consecutive sentences imposed because the statute automatically places a duty on the incarcerating authority to limit aggregate terms.Riley, 1994 WL 129891 at *1.
Accordingly, although we find appellant's argument in support of his assignment of error has merit, there is no reversible error, and the assignment of error is therefore overruled.
Judgment affirmed.
VALEN and WALSH, JJ., concur.