OPINION
{¶ 1} Appellant, Marty Peaspanen, appeals from the July 26, 2004 judgment entry of the Conneaut Municipal Court, in which he was sentenced for assault.
 {¶ 2} On February 2, 2004, a complaint was filed against appellant charging him with one count of assault, a first degree misdemeanor, in violation of R.C. 2903.13(A). On February 10, 2004, at appellant's initial appearance, he was appointed counsel and entered a plea of not guilty.
 {¶ 3} A jury trial began on July 24, 2004. Appellant's counsel moved for an acquittal, pursuant to Crim.R. 29, at the close of the state's case. He renewed the motion at the close of appellant's case. Both motions were overruled by the trial court. The jury returned a guilty verdict to the assault charge.
 {¶ 4} On September 9, 2003, Rhonda Enders ("Enders") testified that she arrived home from work at approximately 10:00 p.m. and drank three beers. She then called appellant, who had been caring for her apartment and cats while she was in detox for alcohol abuse, asking him to come over and return her apartment keys. Appellant and Enders had been romantically involved, but at the time were just friends. Enders further stated that when appellant arrived at her house and upon entering it, he spit and punched her in the face. As a result, she fell down and then he "stole" her twelve pack of beer and cigarettes. In contrast, appellant claims he merely took her beer away and left the house without any type of altercation.
 {¶ 5} Enders called the police immediately after the incident took place. Officers Steven Terry and John Wilt ("Officer Wilt") of the city of Conneaut Police Department arrived at 12:12 a.m. and found Enders crying and very upset. Officer Wilt observed that Enders had a "small red mark on her right cheekbone, right underneath her eye." Based on seven years of experience, Officer Wilt concluded that the mark on Enders's face was the result of some sort of strike. No photographs were taken of Enders's face, nor did she seek any medical help for her injury. Officer Wilt testified that although he did smell alcohol on Enders's breath, in his opinion, she was "not in any way" intoxicated.
 {¶ 6} When the officers left Enders's residence, they attempted to find appellant, but were unsuccessful. They then filed the police report and forwarded it to the law director's office. It was not until February 2, 2004, that the state filed its complaint against appellant.
 {¶ 7} Pursuant to its July 26, 2004 judgment entry, the trial court sentenced appellant to one hundred eighty days in jail, with one hundred seventy-five to be suspended, probation for five years, court costs, and he was to have no contact with Enders. It is from that entry that appellant timely filed the instant appeal and now advances the following assignments of error:
 {¶ 8} "[1.] [Appellant's] conviction is against the manifest weight of the evidence.
 {¶ 9} "[2.] The trial court abused its discretion when it sentenced appellant to the maximum."
 {¶ 10} In his first assignment of error, appellant alleges that his conviction for assault was against the manifest weight of the evidence. Appellant bases this argument on Enders's drinking prior to the incident and its effect on her memory and motor skills as well as an alleged discrepancy in the time line of the events which potentially could damage Enders's credibility.
 {¶ 11} Determining whether a verdict is against the manifest weight of the evidence, requires this court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine where in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 5. Unlike a sufficiency of the evidence challenge, a manifest weight claim "contests the believability of the evidence presented." Id. at 4.
 {¶ 12} In order for an appellate court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} Appellant presents two issues in his first assignment of error. First, he argues that "two independent time lines" of events exist; therefore, the time line provided by Enders could not have happened. Second, he posits that because Enders was known to have an alcohol problem and was drinking on the night in question, without more conclusive evidence other than her and Officer Wilt's testimony, the conviction of assault was against the manifest weight of the evidence.
 {¶ 14} In the instant matter, although there may have been discrepancies in Enders's testimony as to what time she arrived home from work and when the police were called, the credibility of a witness is to be determined by the jury because they have the opportunity to observe the witness's demeanor. Schlee, supra. Even though Enders is unsure of what time it was when she called the police, the jury believed her testimony.
 {¶ 15} Furthermore, appellant argues that Enders's drinking also discredits her testimony. Enders admitted to drinking three beers when she arrived home, and Officer Wilt testified he noticed the odor of alcohol on Enders's person. Officer Wilt had prior law enforcement experience at Geneva-on-the-Lake, and based on that experience, he testified that Enders was "not in any way" intoxicated.
 {¶ 16} Based on our review of the entire record, weighing the evidence and all reasonable inferences, it is our view that the jury did not lose its way or create such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Appellant's first assignment of error lacks merit.
 {¶ 17} In his second assignment of error, appellant contends that the record did not support him receiving the maximum sentence for his crime. Appellant suggests that because he did not have a prior record and was no longer in contact with Enders, he should have received a lesser sentence.
 {¶ 18} Misdemeanor sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 95-96. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Joseph (1996), 109 Ohio App.3d 880, 882. When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. In re Slusser
(2000), 140 Ohio App.3d 480, 487. When a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant. State v. Frazier, 158 Ohio App.3d 407, 2004-Ohio-4506, at ¶ 15.
 {¶ 19} In imposing a sentence in a misdemeanor case, the trial court must consider the factors set forth in R.C. 2929.22. Those factors include: the nature and circumstances of the offense; whether the offender has a history of criminal activity and likelihood of committing another offense; whether there is a substantial risk that the offender will be a danger to others; if the offender's conduct "has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences"; and if some factor (i.e. age, disability) made the victim vulnerable to the offense. R.C. 2929.22(B)(1).
 {¶ 20} R.C. 2929.12(C) sets forth the criteria to be considered in imposing a jail term for a misdemeanor:
 {¶ 21} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 22} "(1) The victim induced or facilitated the offense.
 {¶ 23} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 24} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 25} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 26} According to R.C. 2929.22, the trial court must consider the criteria listed in the statute before sentencing someone convicted of a misdemeanor. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in the statute, absent a showing otherwise. Wagner,80 Ohio App.3d at 959-6. Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing. Statev. Flors (1987), 38 Ohio App.3d 133, 140. A silent record raises the presumption that the trial court considered all of the factors listed in R.C. 2929.12. State v. Fincher (1991), 76 Ohio App.3d 721, 727.
 {¶ 27} Here, appellant was convicted of a first degree misdemeanor assault. This type of misdemeanor is punishable by the maximum sentence of "not more than 180 days" of jail time. Appellant was sentenced to one hundred eighty days in jail, with one hundred seventy-five to be suspended. The trial court was presented with both mitigating and aggravating factors as listed in R.C. 2929.22.
 {¶ 28} During the sentencing hearing, the trial judge recognized that appellant had no prior criminal conduct, and that he was no longer in contact with the victim. Also, the trial court did not specify any reasons as to why it sentenced appellant the way it did. The only evidence that appellant offered in support of the contention that the trial judge did not consider the factors listed in R.C. 2929.22 is that there were mitigating factors that the judge never mentioned during sentencing. Appellant fails to mention that there were also aggravating factors that the judge had to consider, which would have balanced out the mitigating factors. Thus, although the trial judge made no specific findings showing that he considered the criteria listed in R.C. 2929.22, this silence is not fatal to the sentence since there is no proof that the judge abused his discretion. Flors, 38 Ohio App.3d at 140.
 {¶ 29} Furthermore, where the maximum sentence imposed for a misdemeanor was not clearly inappropriate to the seriousness of the offense, and the record is silent, we must presume the trial court considered the proper factors enumerated in R.C. 2929.22. While it is preferable, there is no requirement a trial court state on the record it considered the statutory criteria or discuss them. Rather, a silent record raises the presumption the trial court correctly considered the appropriate sentencing criteria. Appellant's second assignment of error has no merit.
 {¶ 30} For the foregoing reasons, appellant's first and second assignments of error are not well-taken. The judgment of the Conneaut Municipal Court is affirmed.
Rice, J., O'Toole, J., concur.