{¶ 38} I respectfully dissent from the ruling of the majority in regard to the manifest weight challenge based upon the jury's conviction and finding that appellant did not prevail upon the jury and rebut the state's case upon the defense of necessity. I feel the jury lost its way and, as such, the conviction should be reversed.
 {¶ 39} In considering whether a criminal conviction is against the manifest weight of the evidence, an appellate court must determine if the trier of fact, in resolving any conflicts in the evidence, clearly lost its way and, thereby, created a miscarriage of *Page 11 
justice. Conneaut v. Peaspanen, 11th Dist. No. 2004-A-0053,2005-Ohio-4658, at ¶ 11. In making this determination, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the various witnesses. Id. Moreover, in applying the foregoing standard, an appellate court must be guided by the general principle that a conviction should only be reversed on the basis of "manifest weight" when the evidence "`weighs heavily'" against the finding of the jury or trial court. State v. Iser, 11th Dist. No. 2004-T-0039, 2005-Ohio-5602, at ¶ 46, citing Thompkins at 387.
 {¶ 40} Under the common law of Ohio, the defense of necessity can be established under circumstances in which the commission of the criminal act will avoid greater harm than the harm which the criminal statute is designed to stop. The defense can also be invoked in situations in which an act is socially acceptable despite the fact that it is also technically criminal. In applying the foregoing definition, Ohio courts have held that the following elements must be met in order to demonstrate the basic defense: (1) the harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm. SeePrince, supra, at 699. *Page 12 
 {¶ 41} "The test of trespass of necessity must be an objective test rather than a subjective test." State v. Sheen (Nov. 19, 1993), 7th Dist. No. 92-C-16, 1993 Ohio App. LEXIS 5657, at 9. In Sheen, the court reasoned upon the state of the evidence at the conclusion of the trial, objectively it could not be established that the trespassers reasonably believed that their trespass would avoid what they contended was a greater harm, the operation of the facility. Id. They did nothing to prevent the construction or the operation of the facility. Id.
 {¶ 42} The Alaskan Supreme Court, in Cleveland v. Anchorage (1981),631 P.2d 1073, discussed this issue and stated, at 1080:
 {¶ 43} "[I]t was obvious to the trespassers that their actions could not halt the alleged greater harm to which society had given its imprimatur, but rather that, at best, the harm could be only postponed for a brief interval, following which society's normal operations would re-assert themselves. This was simply not the kind of emergency situation contemplated by the defense of necessity."
 {¶ 44} In the case before us, we have an uncontested reasonable belief by appellant that he was being chased and threatened. There appeared to be no other motive to enter the property nor any other remedy available to him. Clearly, this was a trespass of necessity based upon appellant's objective and subjective state of mind, his fear of future bodily harm was his basis for refusing to leave. It was the only conclusion a jury could logically find based upon the state of the testimony and evidence.
 {¶ 45} For the foregoing reasons, I respectfully dissent *Page 1