[Cite as *State v. Dumas*, 2011-Ohio-3402.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 MA 61 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| NATHANIAL DUMAS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from
Youngstown Municipal Court,
Case No. 09TRD3639.


JUDGMENT:     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:     No Brief Filed.


For Defendant-Appellant:     Attorney James E. Lanzo
Attorney Pete C. Klimis
4126 Youngstown-Poland Road
Youngstown, OH 44514


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


Dated: June 29, 2011

DeGenaro, J.

{¶1} Defendant-Appellant, Nathaniel Dumas appeals the decision of the Youngstown Municipal Court sentencing him to 180 days incarceration, consecutive to any other sentence, for driving under suspension. Dumas argues that because he had already been sentenced to an aggregate term greater than eighteen months on prior misdemeanors, the trial court should have imposed a sentence that ran concurrently with his other misdemeanor sentences. Dumas asserts that pursuant to R.C. 2929.41(B)(1), an aggregate term of consecutive misdemeanor sentences cannot exceed eighteen months regardless of whether the sentences are given at different times or by different courts.

{¶2} Dumas's argument is ultimately meritless, as he suffered no prejudice. While the trial court may not impose a consecutive sentence that results in an aggregate term for misdemeanor sentences exceeding eighteen months, the sentencing statute is self-executing and automatically reduces the sentence to the statutory maximum. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} Dumas was arrested for driving under suspension (R.C. 4510.11(A)); illegal plates, (R.C. 4549.08(C)); and traffic control device, (R.C. 4511.13(C)). Dumas entered into a Crim.R. 11 plea agreement to withdraw his previous plea of not guilty and enter a plea of no contest to the driving under suspension charge. In exchange, the State agreed to dismiss the charges of illegal plates and traffic control device. The trial court accepted Dumas's no contest plea and found him guilty of driving under suspension, a first-degree misdemeanor.

{¶4} The trial court sentenced Dumas to 180 days, consecutive to any other sentence. Noting that Dumas's counsel had previously raised the issue of consecutive sentences, the trial court stated R.C. 2929.41(B)(2) allows the court to impose consecutive sentences, explaining, "[i]t says when a consecutive sentence is imposed in a misdemeanor the term to be served shall end the aggregate of the consecutive terms imposed, not exceed [sic] 18 months. And I have always interpreted that as each case."

## Consecutive Misdemeanor Sentences

{¶5} Dumas asserts as his sole assignment of error:

**{¶6}** "The trial court violated R.C. 2929.41 by sentencing Appellant to a term of incarceration consecutive to Appellant's other misdemeanor sentences."

**{¶7}** An appellate court reviews a misdemeanor sentence for abuse of discretion. *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, at ¶9. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶8}** Dumas argues R.C. 2929.41(B)(1) provides the aggregate term of consecutive misdemeanor sentences cannot exceed eighteen months. Because he was already serving an aggregate term exceeding eighteen months on his two prior misdemeanor charges, the trial court should have given Dumas a sentence that ran concurrently with his two other sentences.

**{¶9}** "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *.

**{¶10}** "When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months." R.C. 2929.41(B)(1).

**{¶11}** In *State v. Miller* (Aug. 13, 2001), 12th Dist. No. CA2000-11-225 the court held that "the language of R.C. 2929.41(B)(1) limits the total term of imprisonment for all misdemeanors to eighteen months, including cases in which the sentences are imposed at different times or by different courts." Id. at 1, citing *State v. Kesterson* (1993), 91 Ohio App.3d 263, 632 N.E.2d 565; *City of Columbus v. Riley* (Apr. 12, 1994), 10th Dist. No. 93APC10-1474; *State v. Dachenhaus* (Apr. 11, 1989), 3d Dist. No. 7-87-13.

**{¶12}** The record reveals that Dumas was sentenced to an aggregate term of greater than eighteen months for misdemeanor charges prior to the trial court's sentence here. At the change of plea hearing, Dumas stated he was currently serving a sentence for aggravated menacing, having been sentenced in Courtroom No. 1 on November 12, 2009 with a release date of April 8, 2010. Dumas further stated he had another pending misdemeanor charge for assault. At the sentencing hearing Dumas stated he had been

sentenced on the assault charge in Courtroom No. 3, and his new release date was October 8, 2011. Thus, Dumas was already serving two consecutive sentences beginning on November 12, 2009 and ending on October 8, 2011, a sentence of approximately twenty-three months.

{¶13} Although the trial court erred in sentencing Dumas to an aggregate term of greater than eighteen months, the trial court did not commit reversible error. The sentencing statute is self-executing and automatically reduces the aggregate term for misdemeanors to eighteen months. *Miller* at 2. See *State v. White* (1985), 18 Ohio St.3d 340, 481 N.E.2d 596. Consequently, it is not necessary for this court to modify the consecutive sentences or remand the case for resentencing. *State v. Barnes*, 12th Dist. No. CA2008-10-090, 2009-Ohio-3684, at ¶11. Therefore, the trial court did not commit reversible error.

{¶14} In a similar situation, the Sixth District held that because the sentencing statute is self-executing, "we need take no action on this error beyond declaring appellant's rights." *State v. Kesterson* (1993), 91 Ohio App.3d 263, 264, 632 N.E.2d 565. It is a matter for the prison authorities to release Dumas once he has served the statutory limit of incarceration. If they fail to do so, Habeas is "the appropriate action for persons claiming entitlement to immediate release from prison." *State ex rel. Lemmon v. Oho Adult Parole Authority* (1997), 78 Ohio St.3d 186, 677 N.E.2d 347.

{¶15} In conclusion, the sentencing error committed by the trial court is harmless, therefore, Dumas's assignment of error is meritless. The sentencing statute is self-executing, so that the aggregate term on all of Dumas's misdemeanor sentences is automatically limited to the statutory maximum of eighteen months, and the prison officials are to release him from the misdemeanor sentences once he serves that eighteen month term. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.