[Cite as *State v. Torres*, 2013-Ohio-4167.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )
    PLAINTIFF-APPELLEE,                 )
                                        )       CASE NO. 12 MA 203
V.                                      )
                                        )       OPINION
JIMMY TORRES,                           )
                                        )
    DEFENDANT-APPELLANT.                )


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Youngstown
                                 Municipal Court of Mahoning County,
                                 Ohio
                                 Case No. 10TRD2250

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           Ms. Dana Lantz
                                 City Prosecutor
                                 26 South Phelps St.
                                 Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Rhys Cartwright-Jones
                                 42 North Phelps St.
                                 Youngstown, Ohio 44503-1130


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                 Dated: September 18, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Jimmy Torres, appeals from a Youngstown Municipal Court judgment sentencing him on a probation violation.

{¶2} From October 2010 to October 2011, appellant was involved in four separate misdemeanor cases in Youngstown Municipal Court.

{¶3} In Case Number 10 TRD 2250, appellant was convicted of failure to reinstate his driver's license, a first-degree misdemeanor.

{¶4} In Case Number 11 CRB 2058, appellant was convicted of escape, a first-degree misdemeanor; and resisting arrest, a second-degree misdemeanor.

{¶5} In Case Number 11 TRD 1077, appellant was convicted of failing to stop after an accident resulting in property damage to others, a first-degree misdemeanor.

{¶6} And in Case Number 11 TRC 1076, appellant was convicted of operating a motor vehicle while intoxicated, a first-degree misdemeanor.

{¶7} In addition to other sanctions, the court sentenced appellant to two years of probation in Cases 11 CRB 2058, 11 TRD 1077, and 11 TRC 1076, and one year of probation in Case 10 TRD 2250.

{¶8} On August 13, 2012, appellant was notified of his possible probation violations for failing to comply with drug and alcohol treatment, failing to pay financial sanctions, failing to honor an "order to appear," and failing to complete community service.

{¶9} At a September 7, 2012 hearing, appellant stipulated to violating his probation. The trial court found him guilty of violating his probation in all four cases. The court then set the matter for sentencing after the completion of a presentence investigation.

{¶10} At the October 5, 2012 sentencing hearing, the trial court went over appellant's long criminal history and listened to appellant's statement. It then sentenced him to 180 days in jail on each of the four first-degree misdemeanors and 90 days in jail on the second-degree misdemeanor. The court ordered that appellant serve all misdemeanor sentences consecutively to each other and concurrently with

any prison sentence.

{¶11} Appellant filed timely notices of appeal on October 30, 2012.

{¶12} Appellant's counsel has filed a no merit brief and request to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The *Toney* procedure is as follows:

> 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
>
> 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
>
> 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
>
> * * *
>
> 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at the syllabus.

{¶13} This court informed appellant that his counsel filed a *Toney* brief.

Appellant did not file a pro se brief. Likewise, the state did not file a brief.

**{¶14}** There are two issues to examine in this case, whether the trial court abused its discretion in revoking appellant's probation and whether appellant's sentence was proper.

**{¶15}** A trial court's decision to revoke probation is reviewed for an abuse of discretion. *State v. Scott*, 6 Ohio App .3d 39, 41, 452 N.E.2d 517 (2d Dist.1982). Abuse of discretion implies that the court's ruling was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E .2d 144 (1980).

**{¶16}** The state's burden at a probation revocation hearing is not proof beyond a reasonable doubt. *State v. Hilson*, 7th Dist. No. 11-MA-95, 2012-Ohio-4536, ¶10. Instead, the state need only present evidence of a substantial nature showing that the probationer has breached a term or condition of his probation. *Id.* Pursuant to Crim.R. 32.3(A), the court shall not "revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

**{¶17}** In this case, appellant stipulated to violating his probation at a hearing where he was present and apprised of the grounds on which revocation was proposed. The court accepted appellant's stipulation and found him guilty of violating his probation. Thus, there are no issues surrounding the revocation.

**{¶18}** The second issue for review is appellant's sentence.

**{¶19}** We review a trial court's sentence on a misdemeanor violation for abuse of discretion. R.C. 2929.22; *State v. Bodnar*, 7th Dist. No. 12-MA-77, 2013-Ohio-1115, ¶18.

**{¶20}** In this case, the trial court sentenced appellant to four 180-day sentences and one 90-day sentence. It ordered appellant to serve these sentences consecutively to each other and concurrent with any felony sentences.

**{¶21}** R.C. 2929.14(B)(1) provides:

> A jail term or sentence of imprisonment for a misdemeanor shall
> be served consecutively to any other prison term, jail term, or sentence

of imprisonment when the trial court specifies that it is to be served consecutively * * *.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that *the aggregate term to be served shall not exceed eighteen months.*

(Emphasis added.)

**{¶22}** The trial court erred here in sentencing appellant to an aggregate misdemeanor jail term of 810 days, or approximately 27 months.

**{¶23}** Several courts, including this court, have held that R.C. 2929.14(B)(1)'s language limits the total term of imprisonment for all misdemeanors to 18 months, including situations where the sentences are imposed at different times or by different courts. *State v. Dumas*, 7th Dist. No. 10 MA 61, 2011-Ohio-3402; *State v. Miller*, 12th Dist. No. CA2000-11-225, 2001 WL 908820 (Aug. 13, 2001); *State v. Kesterson*, 91 Ohio App.3d 263, 632 N.E.2d 565 (6th Dist.1993). Thus, in this case, the trial court should not have sentenced appellant to an aggregate sentence exceeding 18 months.

**{¶24}** But although the trial court erred in sentencing appellant to an aggregate jail term greater than 18 months, this error is not reversible. R.C. 2929.14(B)(1) is self-executing and automatically reduces the aggregate term for misdemeanors to 18 months. *Dumas*, at ¶13, citing *Miller*, supra. As such, we need not modify the consecutive sentences or remand the case for resentencing. *Id.*, citing *State v. Barnes*, 12th Dist. No. CA2008-10-090, 2009-Ohio-3684, ¶11.

**{¶25}** One other sentencing issue is worth mentioning. In his *Toney* brief, counsel states that the only possible issue for review concerns appellant's motion in the trial court that he filed after this appeal was filed. The Mahoning County Common Pleas Court sentenced appellant to three years of community control, including a six-month, in-house program for a felony conviction on January 16, 2013. Appellant then filed a motion in municipal court asking that the court stay his misdemeanor sentence

so that he could serve his term at the Community Corrections Association (CCA). The court granted the motion and ordered that appellant be released into CCA's custody to complete the six-month, in house program.

{¶26} There are no issues with the trial court's handling of appellant's motion. Moreover, these are matters that occurred after the instant appeal was filed. We mention this issue only because counsel brought it to our attention as a possible issue for review.

{¶27} In sum, after conducting an independent review of the proceedings in the trial court, there are no reversible errors.

{¶28} For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.


Waite, J., concurs.

DeGenaro, P.J., concurs.