[Cite as *State v. Cooper*, 2016-Ohio-4730.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2015-A-0042** |
| - vs - | : | **2015-A-0043** |
| | | **2015-A-0044** |
| JAMES L. COOPER, | : | **2015-A-0045** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Municipal Court.
Case Nos. 15 TRC 00002, 15 CRB 00009, 15 TRC 00536, and 14 CRB 01357.

Judgment: Modified and affirmed as modified.

*Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Edward M. Heindel*, 400 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, James L. Cooper, appeals from multiple judgments of the Ashtabula Municipal Court convicting and sentencing him for five petty misdemeanor offenses, to wit: two counts of using weapons while intoxicated, one count of discharging firearms within city limits, and two counts of operating a motor vehicle while under the influence ("OVI"). For the following reasons, we modify the trial court's judgments and affirm as modified.

{¶2} On February 10, 2015, appellant pled guilty to one count of OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a); two counts of using weapons while intoxicated, misdemeanors of the first degree, in violation of R.C. 2923.15(A); and one count of discharging a firearm within the city limits, a fourth-degree misdemeanor, in violation of Ashtabula Municipal Ordinance §549.08(A). One misdemeanor count of reckless operation and one felony count of improperly handling firearms in a motor vehicle were dismissed.

{¶3} Prior to sentencing, appellant was charged with another count of OVI in violation of R.C. 4511.19(A)(1)(h), a first-degree misdemeanor, to which he pled guilty on July 9, 2015. Two misdemeanor counts of driving under suspension and failure to control, in addition to a seatbelt violation, were dismissed.

{¶4} Appellant was sentenced on all five of the remaining charges, in four separate cases, on July 9, 2015, as follows: 30 days (all suspended) for discharging a firearm within city limits; 180 days (60 suspended) for the first offense OVI; 180 days (90 suspended) for the second offense OVI; and 180 days (90 suspended) for each count of using a weapon while intoxicated. The trial court ordered the sentences to be served consecutively, such that the resulting aggregate term was 750 days (360 days suspended). He was credited with 30 days for the first offense OVI and 30 days for each offense of using a weapon while intoxicated. Appellant's total time in jail, not including his suspended sentences, was therefore 300 days, including the 30 days he had already served awaiting sentencing.

{¶5} Appellant initially raised two assignments of error for our review:

2

[1.] The trial court erred when it sentenced Cooper to a total of 300 days in jail. The sentence constituted an abuse of discretion and was not consistent with R.C. 2929.21 and R.C. 2929.22.

[2.] The trial court erred when it did not comply with Criminal Rule 11(E) before accepting Cooper's guilty plea, at the plea hearing on February 10, 2015.

This court subsequently ordered the parties to file supplemental briefs regarding the imposition of consecutive sentences for multiple misdemeanors in excess of the statutory maximum found in R.C. 2929.41(B)(1). Appellant filed a supplemental brief and assigned a third error:

[3.] The trial court erred when it imposed a suspended jail sentence in excess of eighteen months in violation of R.C. 2929.41(B)(1).

{¶6} Under his first assignment of error, appellant argues the trial court's imposition of the maximum sentence for each offense was an abuse of discretion. Appellant specifically asserts the trial court failed to consider the misdemeanor sentencing criteria found in R.C. 2929.21 and R.C. 2929.22.

{¶7} "Misdemeanor sentencing is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Conneaut v. Peaspanen*, 11th Dist. Ashtabula No. 2004-A-0053, 2005-Ohio-4658, ¶18, citing *State v. Wagner*, 80 Ohio App.3d 88, 95-96 (12th Dist.1992). The term "abuse of discretion" is one of art, "connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶8} When a trial court imposes a sentence upon a defendant for a petty misdemeanor, and a mandatory jail term is not required, the court "has discretion to determine the most effective way to achieve the purposes and principles of sentencing

3

set forth in section 2929.21 of the Revised Code." R.C. 2929.22(A). "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The sentence must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶9} The trial court is also required to consider criteria listed in R.C. 2929.22(B) before sentencing a defendant on a misdemeanor. These factors include, inter alia, the "nature and circumstances of the offense"; whether the offender has a "history of persistent criminal activity"; whether there is a "substantial risk that the offender will commit another offense"; whether the offender's conduct shows a "pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences"; whether the offender is likely to commit "future crimes in general"; and also "any other factors that are relevant to achieving" the purposes of misdemeanor sentencing. R.C. 2929.22(B), citing R.C. 2929.21.

{¶10} Failure to consider the purposes and principles of misdemeanor sentencing constitutes an abuse of discretion. *See State v. Rogers*, 11th Dist. Trumbull Nos. 2009-T-0051 & 2009-T-0052, 2010-Ohio-197, ¶11. However, "[w]hen a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant." *Peaspanen*, *supra*, at ¶18. "Further, there is no requirement that the court state on the record it considered the statutory sentencing criteria." *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2011-Ohio-4172, ¶8, citing *Peaspanen, supra*, at ¶29. "A silent record

4

raises the presumption that the trial court considered all of the factors." *State v. Peppeard*, 11th Dist. Portage No. 2008-P-0058, 2009-Ohio-1648, ¶75 (citations omitted).

{¶11} Finally, "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code *only* upon offenders who commit the worst forms of the offense *or* upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C) (emphasis added).

{¶12} Appellant pled guilty to four first-degree misdemeanors (two counts of OVI and two counts of using weapons while intoxicated) and one fourth-degree misdemeanor (discharging a firearm within city limits). Pursuant to R.C. 2929.24(A), the maximum sentence for a first-degree misdemeanor is 180 days, and the maximum sentence for a fourth-degree misdemeanor is 30 days. Thus, the 180-day sentences for each first-degree misdemeanor and the 30-day sentence for the fourth-degree misdemeanor are authorized by statute.

{¶13} At the sentencing hearing, the trial court recognized that two different offenses were committed involving two different weapons. The trial court also had the benefit of reviewing a pre-sentence investigation report prior to sentencing and stated on the record that appellant is "a danger to our community," did not "take any responsibility for [his] actions," and has a "lengthy juvenile court history from age 12."

{¶14} Appellant has not rebutted the presumption that the trial court properly considered the required sentencing criteria. In light of the seriousness of appellant's multiple offenses involving driving while intoxicated and the discharge of two different

5

weapons within city limits, we do not find the trial court abused its discretion by imposing the maximum sentences authorized by statute.

**{¶15}** Appellant's first assignment of error is without merit.

**{¶16}** Under his third assignment of error, appellant argues the trial court's sentence of 750 days in jail, including suspended time, violated R.C. 2929.41(B)(1).

**{¶17}** When consecutive sentences are imposed for multiple misdemeanors, "the aggregate term to be served shall not exceed eighteen months." R.C. 2929.41(B)(1). *See also State v. Trainer*, 2d Dist. Champaign No. 08-CA-04, 2009-Ohio-906, ¶15; *State v. Pierce*, 4th Dist. Meigs No. 10CA10, 2011-Ohio-5353, ¶11.

**{¶18}** Some appellate districts have held that the imposition of an aggregate term in excess of the statutory maximum is harmless error because the statute is self-executing. These courts have refused to modify the errant sentences or remand the cases for resentencing, instead stating it is the duty of the incarcerating authority to limit aggregate terms by automatically releasing defendants from prison once the statutory limit of incarceration has been served. *See, e.g., State v. Barnes*, 12th Dist. Clermont No. CA2008-10-090, 2009-Ohio-3684, ¶11; and *State v. Torres*, 7th Dist. Mahoning No. 12 MA 203, 2013-Ohio-4167, ¶24. The Sixth District has further stated that it "need take no action on this error beyond declaring appellant's rights." *State v. Kesterson*, 91 Ohio App.3d 263, 264 (6th Dist.1993).

**{¶19}** The explicit wording of R.C. 2929.41(B)(1) provides: "When consecutive sentences are imposed for misdemeanor[s] under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months." An aggregate term in excess of 18 months

6

imposed by a trial court is thus contrary to law. We cannot agree with our sister districts that imposing a sentence contrary to law is harmless error.

{¶20} In addition, contrary to the Sixth District's holding in *Kesterson*, we do not have authority to enter a "declaration of rights" as the remedy for a sentencing error. Ohio appellate jurisdiction is constitutionally limited "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Ohio Constitution, Article IV, Section 3(B)(2). *See also State ex rel. Neer v. Indus. Comm. of Ohio*, 53 Ohio St.2d 22, 24 (1978) ("Permitting a Court of Appeals to give what is basically a declaratory judgment is to expand its constitutionally declared jurisdiction."); and R.C. 2953.07 (stating appellate courts may affirm, reverse, or modify appealed judgments and may also remand for the sole purpose of correcting a sentence imposed contrary to law).

{¶21} Here, appellant was sentenced to a total of 750 days (i.e., approximately 25 months), with 360 days (i.e., approximately 12 months) suspended. Therefore, appellant is currently incarcerated for 300 days (i.e., approximately 10 months). Although the current 10-month period is within the statutory limit, the aggregate 25-month sentence is not. Thus, appellant's aggregate term of imprisonment was imposed contrary to law. The judgments of the trial court must be modified to reflect that appellant's aggregate term of imprisonment, including suspended time, is limited to the statutory maximum of 18 months. If for any reason appellant's suspended sentence is later imposed, it must be limited to a total of 8 months (i.e., approximately 240 days).

{¶22} Appellant's third assignment of error is well taken.

7

{¶23} Under his second assignment of error, appellant argues the trial court failed to comply with Crim.R. 11(E) before it accepted his guilty plea at the first plea hearing held on February 10, 2015.

{¶24} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E). "Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the 'effect of the plea.'" *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶51. "Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea." *Id.* When a defendant is pleading guilty, a trial court must inform the defendant that a plea of guilty is a complete admission of guilt. *Id.* at ¶25, citing Crim.R. 11(B)(1).

{¶25} "'[F]ailure to comply with nonconstitutional rights (such as the information in Crim. R. 11(B)(1)) will not invalidate a plea unless the defendant thereby suffered prejudice.'" *Id.* at ¶52, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12; *see also State v. Griffey*, 11th Dist. Portage No. 2009-P-0077, 2010-Ohio-6573, ¶26-27. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Griggs*, *supra*, at syllabus; *see also Jones*, *supra*, at ¶54.

8

{¶26} Appellant was represented by counsel at the plea hearing. The following colloquy took place on the record between the trial court and appellant:

> COURT: All right. Then, I'm going to have you consult with your attorney. Please, advise me how you're pleading on each of those remaining charges.
>
> MR. COOPER: Guilty.
>
> COURT: You understand, Mr. Cooper, that when you enter a plea of guilty, the constitutional rights that were explained to you previously, you recall all of those rights?
>
> MR. COOPER: Yes.
>
> COURT: You're going to be giving all those rights up, all except the right to have counsel, you do have counsel with you today. All the rest of those rights you're going to be giving up; the opportunity for you to remain silent, the opportunity for you to have a trial, and to have your guilt proved beyond a reasonable doubt. Do you want to give up all those rights, do you, sir?
>
> MR. COOPER: Yes.
>
> COURT: All right. In that case, I will accept your guilty plea on each of those charges.

{¶27} There is no mention of the language from Crim.R. 11(B)(1) that pleading guilty is a complete admission of guilt. However, appellant did not assert his innocence during the plea colloquy and has not presented any evidence that he claimed innocence at the time he entered his pleas. Rather, appellant argues the trial court did not inform him of the various pleas available, the potential penalties for any of the charges, or that it could impose consecutive sentences and "stack the fines." This was not required, however, for the court to accept guilty pleas to petty misdemeanor offenses. *See Jones*, *supra*, at ¶22.

9

{¶28} We hold, under the totality of the circumstances surrounding appellant's guilty pleas, that the trial court's error in failing to adequately inform appellant of the effect of his pleas under Crim.R. 11 was not prejudicial and, thus, not reversible error.

{¶29} Appellant's second assignment of error is without merit.

{¶30} The judgments of the trial court are hereby modified to reflect that appellant's aggregate term of imprisonment is limited to the statutory maximum of 18 months, including suspended time, pursuant to R.C. 2929.41(B)(1). If for any reason appellant's suspended sentence is later imposed, it must be limited to a total of 8 months (i.e., approximately 240 days). Thereafter, the judgments of the trial court regarding appellant's convictions and sentence are affirmed as modified.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.