[Cite as *Maumee v. Hensley*, 2019-Ohio-2050.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Maumee                    Court of Appeals No. L-18-1205

       Appellee                             Trial Court No.  16CRB00391
                                      16CRB00914 A&B
v.                                                               16CRB00992
                                      16CRB01030
Ronald D. Hensley                                         17CRB00038
                                      17CRB00949
       Appellant                            17CRB01054
                                      17CRB01067 A&B
                                      18CRB00017

**DECISION AND JUDGMENT**

Decided:  May 24, 2019

* * * * *

John B. Arnsby, Municipal Prosecutor, City of Maumee, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Ronald Hensley, appeals the Maumee Municipal Court's consolidated judgment of his misdemeanor convictions.  For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On March 1, 2018, appellant entered pleas of guilty to five charges of petty theft, and admitted to violating his probation in six other cases.[1] On March 22, 2018, the trial court sentenced appellant to serve 180 days in jail, and imposed a $100 fine plus court costs, on each of the charges of petty theft. The trial court also imposed the remaining jail sentence in each of the cases for which he was on probation, resulting in sentences of 13 days, 43 days, 13 days, 43 days, 118 days, and 118 days respectively. The trial court then ordered all of the sentences to be served consecutively, for a total jail term of 1,248 days.

## II. Assignments of Error

{¶ 3} Appellant has timely appealed the consolidated judgments of the trial court, and now asserts three assignments of error for our review:

---

[1] The following cases are the subjects of this appeal:

Case No. 17CRB00949, petty theft;
Case No. 17CRB01067(A), petty theft;
Case No. 17CRB01067(B), petty theft;
Case No. 17CRB01054, petty theft;
Case No. 18CRB00017, petty theft;
Case No. 16CRB00391, probation violation
Case No. 16CRB00914(A), probation violation
Case No. 16CRB00914(B), probation violation
Case No. 17CRB00038, probation violation
Case No. 16CRB01030, probation violation
Case No. 16CRB00992, probation violation

2.

1. Hensley's sentence of 1,248 days of incarceration for petty theft convictions is contrary to law and an abuse of discretion.

2. The fine of $500 for petty theft is excessive and an abuse of discretion when appellant is indigent and homeless.

3. Trial counsel rendered ineffective assistance of counsel by failing to object to the sentence and the fines and costs imposed.

### III. Analysis

{¶ 4} We review misdemeanor sentences for an abuse of discretion. *State / Div. of Wildlife v. Coll*, 2017-Ohio-7270, 96 N.E.3d 947, ¶ 23 (6th Dist.).

{¶ 5} In his first assignment of error, appellant argues that the trial court abused its discretion when it sentenced him to 1,248 days in jail in contravention of R.C. 2929.41(B)(1), which provides, in pertinent part, "When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served *shall not exceed eighteen months*." (Emphasis added.). The state concedes error in this regard.

{¶ 6} In *State v. Kesterson*, 91 Ohio App.3d 263, 632 N.E.2d 565 (6th Dist.1993), we encountered a similar situation where the defendant was sentenced to an aggregate jail term for misdemeanor offenses in excess of 18 months. In that case, we held that while the sentence was in violation of the 18-month maximum set forth in former R.C. 2929.41(E)(3), any error was harmless because former R.C. 2929.41(E)(3) was self-executing, and thus the defendant's sentence would be automatically limited to 18

3.

months.  *Kesterson* at 265.  Therefore, we stated that "we need take no action on this error beyond declaring appellant's rights."  *Id.* at 264.

{¶ 7} Appellant and the state now urge this court to overrule our decision in *Kesterson*, and instead follow the rationale applied in *State v. Cooper*, 11th Dist. Ashtabula Nos. 2015-A-0042, 2015-A-0043, 2015-A-0044, 2015-A-0045, 2016-Ohio-4730, ¶ 18-21, in which the Eleventh District criticized *Kesterson*, and asserted that the imposition of a sentence that is contrary to law is not harmless, and is an error that must be corrected.  Further supporting its position, the court in *Cooper* reasoned that appellate courts do not have the authority to enter a "declaration of rights" as a remedy for a sentencing error, but rather appellate jurisdiction is constitutionally limited "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals."  *Id.* at ¶ 20, quoting Ohio Constitution, Article IV, Section 3(B)(2).

{¶ 8} Upon careful consideration, we agree with the parties that correcting the error on appeal is the clearest way to resolve any misdemeanor sentences that violate the 18-month maximum term, and is most consistent with our constitutionally defined jurisdictional authority to "review and affirm, modify, or reverse judgments."  Therefore, we overrule *Kesterson*, and hold that the remedy for a misdemeanor sentence that exceeds the 18-month maximum set forth in R.C. 2929.41(B)(1) is not to declare the defendant's rights, but rather to correct the sentence either through our own authority

4.

under Article IV, Section 3(B)(2) of the Ohio Constitution and App.R. 12(A)(1)(a), or by remanding the matter to the trial court for resentencing.

{¶ 9} Accordingly, appellant's first assignment of error is well-taken.

{¶ 10} In his second assignment of error, appellant argues that the trial court abused its discretion when it imposed a cumulative fine of $500 and court costs. In particular, appellant argues that the trial court should have considered that appellant was homeless, suffering from mental and physical health issues, and has been drug dependent for decades, and thus was unable to pay the financial sanction.

{¶ 11} As to the order of fines and costs, R.C. 2929.28(A)(2)(a)(i) authorizes the trial court to impose a fine of not more than $1,000 for a misdemeanor of the first degree, and R.C. 2947.23 requires that in all criminal cases, the trial court shall include in the sentence the costs of prosecution. However, R.C. 2929.28(B) provides, "If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." If the offender is determined to be unable to pay, the trial court shall consider whether to impose community service in lieu of the fine or court costs. *Id.*

{¶ 12} Notably, "the imposition of court costs is mandatory, and the trial court is not required to hold a hearing or otherwise determine appellant's ability to pay before ordering him to pay costs." *State v. Rush*, 6th Dist. Fulton Nos. F-12-011, F-12-014, 2013-Ohio-727, ¶ 11, citing *State v. Rhoda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13.

5.

Regarding the fine, "Ohio courts have interpreted R.C. 2929.28(B) to mean that a hearing to determine ability to pay is not required; however, there must, at minimum, 'be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed.'" *Rhoda* at ¶ 15, quoting *State v. Reigsecker*, 6th Dist. Fulton No. F-03-022, 2004-Ohio-3808, ¶ 11.

{¶ 13} Here, the record is devoid of any indication that the trial court considered appellant's present and future ability to pay before imposing the fines. During the sentencing hearing, appellant stated that he had been homeless, was suffering from physical and mental health issues, and had been drug dependent for decades. There was no other discussion during sentencing regarding appellant's education, employment history, ability to work, or alternative sources of income. We note that, in prior presentence investigation reports that were included with the probation files, it is reported that appellant received his GED in 1996, but the only record of employment was for a few weeks in 2014. A September 2014 report asserts that appellant began receiving $721 per month in social security benefits in July 2014, and that he also received $177 per month in food stamps. However, an April 12, 2017 report concludes that appellant will never pay restitution to his victims from prior cases, and relays that appellant is $21,000 behind on county property taxes. Nevertheless, the trial court did not state that it considered those reports at the sentencing hearing. Nor did the trial court state that it considered those reports in its judgment entries, instead indicating that it reviewed "the complete record check" and considered "all factors mandated by statute and rule."

6.

Therefore, we hold that the trial court abused its discretion when it ordered appellant to pay a total of $500 in fines without first considering appellant's present or future ability to pay.

{¶ 14} Accordingly, appellant's second assignment of error is well-taken.

{¶ 15} Finally, in his third assignment of error, appellant argues that his trial counsel was ineffective for failing to object to a sentence that exceeded 18 months and for failing to request a waiver of fines and costs. Because we held in appellant's first and second assignments of error that the trial court erred in its imposition of the jail sentence and fines, respectively, we find appellant's third assignment of error to be moot.

{¶ 16} Accordingly, appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Maumee Municipal Court is reversed. The matter is remanded to the trial court for resentencing consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                              JUDGE

Arlene Singer, J.                 _____

Christine E. Mayle, P.J.                      JUDGE
CONCUR.

                                  _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.