[Cite as *State v. Thompson*, 2012-Ohio-639.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                               :
                                             :
      Plaintiff-Appellee.                 :
                                             :       Case No: 11CA3258
                                             :
      v.                                  :
                                             :       DECISION AND
ANTHONY THOMPSON,                            :       JUDGMENT ENTRY
                                             :
      Defendant-Appellant.                :       Filed:  February 15, 2012
                                             :

APPEARANCES:

Thomas M. Spetnagel and Paige J. McMahon, Spetnagel and McMahon, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

Kline, J.:

    **{¶1}**   Anthony Thompson (hereinafter "Thompson") appeals the judgment of the Ross County Court of Common Pleas, which ordered Thompson to pay $14,706.48 in restitution.  On appeal, Thompson argues that the amount of restitution was not established to a reasonable degree of certainty.  However, because the trial court's Judgment Entry fails to provide a method for the payment of restitution, the entry is not a final appealable order.  Accordingly, we dismiss Thompson's appeal for lack of jurisdiction.

I.

**{¶2}** This matter is before us for a second time. *See State v. Thompson*, 4th Dist. No. 10CA3177, 2011-Ohio-1564. In *Thompson*, we dismissed Thompson's appeal for lack of a final appealable order.

**{¶3}** In brief, Thompson pled guilty to vehicular homicide, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3)(a). After we dismissed Thompson's first appeal, the trial court entered a judgment entry that orders Thompson "to pay restitution as and for funeral expenses in the amount of $14,706.48." The judgment entry does not, however, specify who is entitled to that restitution.

**{¶4}** Thompson appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY AN AMOUNT OF RESTITUTION THAT WAS NOT ESTABLISHED TO A REASONABLE DEGREE OF CERTAINTY."

II.

**{¶5}** Before we may consider the merits of Thompson's appeal, we must determine whether a final appealable order exists. "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6, citing Section 3(B)(2), Article IV, Ohio Constitution; *see also* R.C. 2505.02. "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *State v. Darget*, 4th Dist. No. 09CA3306, 2010-Ohio-3541, ¶ 4, citing *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11. "If the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Darget* at ¶ 4, citing *Sexton v. Conley*, 4th Dist. No.

99CA2655, 2000 WL 1137463, *2 (Aug. 7, 2000); *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶6}** "A judgment entry ordering restitution is not final and appealable if the entry fails to provide either the amount of restitution or the method of payment." *City of Toledo v. Kakissis*, 6th Dist. No. L-07-1215, 2008-Ohio-1299, ¶ 3, citing *In re Holmes*, 70 Ohio App.2d 75, 77, 434 N.E.2d 747 (1st Dist.1980) ("The order appealed from was not a final appealable order, because it settled neither the amount of restitution nor the method of payment."). Here, the trial court's judgment entry provides an amount of restitution -- $14,706.48. But the judgment entry does *not* provide a method of payment. That is, the judgment entry does not specify the intended recipient or recipients of the restitution.

**{¶7}** We recently faced a similar situation in *State v. Fite*, 4th Dist. No. 10CA888, 2011-Ohio-507. In *Fite*, the trial court ordered the defendant to "'to pay restitution in the amount of $12,779.66.'" *Id.* at ¶ 2, quoting Judgment Entry on Sentence at 3. But as the following quotation explains, we found that the judgment entry in *Fite* was not a final appealable order:

> From the record, we can discern the trial court's intentions
> as to the restitution amount. [One victim's] funeral
> apparently cost $9,379.66, and [the other victim's] funeral
> apparently cost $3,400. These two figures total $12,779.66,
> the amount of restitution in the judgment entry. However,
> the judgment entry does not provide how the $12,779.66
> should be divided among the victims' survivors. The state

argues that we should "simply modify the restitution order to reflect the trial court's obvious intentions with regard to whom restitution is due." Brief of Appellee at 13. But after a thorough review of the record, we cannot determine the intended recipients of the restitution order. We recognize that the trial court mentioned the victims' families during Fite's sentencing hearing. As the trial court explained, "the Court * * * feels compelled that * * * whatever restitution for the imposition of the funeral expenses * * * that ha[ve] been placed upon the families that * * * Mr. Fite should be required to pay as much as he possibly can[.]" January 8, 2010 Transcript at 40. Here, despite mentioning the victims' families in general, the trial court never mentioned who, specifically, should be repaid the victims' funeral expenses. We cannot discern whether the victims' parents, siblings, children, other family members, or some combination thereof are entitled to restitution. No payment can be completed without an intended recipient. Therefore, because the trial court did not provide a method for the payment of restitution, the Judgment Entry on Sentence is not a final appealable order. *Fite* at ¶ 6.

{¶8} Thompson's judgment entry presents similar issues. The parties stipulated that the victim's funeral costs were $14,706.48 -- $9,893.70 for the funeral

itself, $4,662.78 for the headstone, and $150 for the cemetery plot. But similar to *Fite*, the trial court "never mentioned who, specifically, should be repaid the victims' funeral expenses." *Id.* And after a thorough review of the record, "we cannot determine the intended recipient[ or recipients] of the restitution order." *Id.* Again, no payment can be completed without an intended recipient. Therefore, we choose to follow *Fite* and find that Thompson's Judgment Entry is not a final appealable order. *See State v. Hartley*, 3rd Dist. No. 14-09-42, 2010-Ohio-2018, ¶ 5 ("[T]he November 2009 Judgment Entry did not list any victims, did not describe how the restitution would be allocated among the victims, and did not incorporate any document providing this information.").

{¶9}  Our decision conforms to traditional notions of what does or does not constitute a final appealable order. This is so because the trial court's judgment entry leaves an issue unresolved. "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (4th Dist.2001). Under R.C. 2929.28(A)(1), a trial court may impose "restitution by the offender to the victim of the offender's crime *or any survivor of the victim*[.]" (Emphasis added.) Therefore, depending on the facts of a particular case, any number of people may be entitled to restitution. And if a judgment entry does not specify who is entitled to that restitution, the judgment entry leaves a significant issue unresolved. This is precisely what happened in the trial court's judgment entry.

{¶10}  In conclusion, we find no final appealable order in the present case. As a result, we must dismiss Thompson's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents.


For the Court


BY:_____
     Roger L. Kline, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**