[Cite as *State v. Bechtel*, 2020-Ohio-4889.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-L-145** |
| - vs - | : | **2019-L-146** |
| | | **2019-L-147** |
| NADINE BECHTEL, | : | **2019-L-148** |
| | | **2019-L-149** |
| Defendant-Appellant. | : | **2019-L-150** |
| | | **2019-L-151** |
| | : | **2019-L-152** |

Criminal Appeals from the Willoughby Municipal Court, Case Nos. 2019 CRB 01630 A, 2019 CRB 01630 B, 2019 CRB 01630 C, 2019 CRB 01630 D, 2019 CRB 01630 E, 2019 CRB 01630 F, 2019 CRB 01630 G and 2019 CRB 01630 H.

Judgment: Affirmed in part, modified in part, and affirmed as modified.

*J. Jeffrey Holland*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Nadine Bechtel, appeals her convictions for eight counts of cruelty against companion animals in the Willoughby Municipal Court. For the following reasons, we affirm Bechtel's convictions, modify her sentence, and affirm her sentence as modified.

{¶2}    On June 21, 2019, defendant-appellant, Nadine Bechtel, was charged by

way of Complaints filed by City of Eastlake Patrolwoman Brianna Fawcett with eight counts of cruelty against companion animals, second degree misdemeanors in violation of R.C. 959.131. Counts 1 through 4 charged violations of division (D)(1) which provides: "No person who confines or who is the custodian or caretaker of a companion animal shall negligently * * * [t]orture, torment, or commit an act of cruelty against the companion animal." Counts 5 through 8 charged violations of division (D)(2) which provides: "No person who confines or who is the custodian or caretaker of a companion animal shall negligently * * * [d]eprive the companion animal of necessary sustenance or confine the companion animal without supplying it during the confinement with sufficient quantities of good, wholesome food and water if it can reasonably be expected that the companion animal would become sick or suffer in any other way as a result of or due to the deprivation or confinement."

{¶3} On July 2, 2019, Bechtel was arraigned and entered pleas of not guilty to all charges.

{¶4} On October 29, 2019, Bechtel entered a no contest plea with assertion of innocence to eight counts of cruelty against companion animals, now designated Counts A through D for the violations of R.C. 959.131(D)(1) and Counts E through H for the violations of R.C. 959.131(D)(2), and was sentenced.

{¶5} On Count A, the municipal court ordered Bechtel to pay a fine of $200 and to spend 90 days in jail with 90 days suspended. On Counts B through H, the court ordered her to pay fines of $200 with $200 suspended and to spend 90 days in jail with 90 days suspended. The court placed her on probation for a period of 5 years subject to the rules of probation and the following specific orders:

2

1.  Defendant shall obtain a mental health assessment, obtain treatment and follow aftercare recommendations;

2.  Defendant shall not own, care for, possess or reside with any animal;

3.  Defendant shall not act as a volunteer, officer, director or agent of, nor be employed by, any entity or person operating an animal shelter, store, rescue, sanctuary or other animal-related business;

4.  Defendant shall not enter any Facility that houses animals; and

5.  Defendant is permanently barred from owning or caring for any companion animals.

{¶6}   For violating probation, Bechtel could be ordered to spend up to 720 days in jail.  The court further ordered restitution in the amount of $85,296.10 to be paid during the term of probation.

{¶7}   On November 1, 2019, the municipal court issued its Change of Plea and Sentencing Judgment Entry.

{¶8}   On November 26, 2019, Bechtel filed Notices of Appeal from each of the eight Counts.  On appeal, Bechtel raises thirteen assignments of error.

**Assignment of Error No. 1: The Trial Court abused its discretion and exceeded the scope of its jurisdiction when it "permanently barr[ed]" appellant from owning or caring for companion animals.**

{¶9}   The imposition of community control sanctions (commonly referred to as conditions of probation) is reviewed under an abuse of discretion standard.  *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10.

{¶10}   Bechtel contends that the municipal court's permanently barring her from owning or caring for companion animals violates R.C. 2929.25(A)(2) which provides: "The duration of all community control sanctions imposed upon an offender and in effect for an

3

offender at any time shall not exceed five years." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 8 (8th Dist.) (vacating a lifetime ban from a shopping mall because the trial court was precluded [under a similar provision, R.C. 2929.15(A)(1)] from imposing a community control sanction that exceeded five years).

{¶11} The State counters that the community control sanction in question is specifically provided for by R.C. 959.99(E)(6)(a) which provides: With respect to "a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code," the sentencing court "may prohibit or place limitations on the person's ability to own or care for any companion animals for a specified or indefinite period of time."

{¶12} As between R.C. 2929.25(A)(2) and R.C. 959.99(E)(6)(a), "the familiar rule of statutory construction that when there is a conflict between a general provision and a more specific provision in a statute, the specific provision controls," i.e., generalia specialibus non derogant. *MacDonald v. Cleveland Income Tax Bd. of Rev.*, 151 Ohio St.3d 114, 2017-Ohio-7798, 86 N.E.3d 314, ¶ 27; R.C. 1.51 (where a general provision conflicts with a special or local provision, "the special or local provision prevails as an exception to the general provision").

{¶13} As a permanent ban on the ownership or caring for companion animals is an expressly authorized penalty for the crime of cruelty against companion animals, the municipal court did not abuse its discretion by imposing it. The first assignment of error is without merit.

### Assignment of Error No. 2: Appellant's Sentence is contrary to law because the trial court failed to make the statutory findings necessary to support consecutive sentences.

{¶14} "When a misdemeanor sentence is not contrary to law, the sentence is

4

reviewed for an abuse of discretion." *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 11.

{¶15} "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *." R.C. 2929.41(B)(1).

{¶16} Bechtel contends that the municipal court's 720-day suspended jail sentence "is contrary to the law" because the "[r]ecord is devoid of any specifications by the trial court that jail time was to be served consecutively." Appellant's brief at 21. We disagree.

{¶17} The statute does not prescribe how a sentencing court is to specify that a misdemeanor jail term is to be served consecutively. The statute neither requires the court to use particular language when ordering sentences to be served consecutively nor mandates whether the specification be made at the sentencing hearing or in the sentencing entry. While ambiguity as to whether sentences are to be served concurrently or consecutively should be construed in the defendant's favor, *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 15, we find no such ambiguity in the present case.

{¶18} The fact that Bechtel would be subject to 720 days in jail if she violates community control effectively specifies that the suspended sentences were to be served consecutively. Bechtel was ordered to serve eight 90-day jail sentences, which equal 720 days in the aggregate. Furthermore, it has been held that the sentencing court may make the specification at the sentencing hearing rather than in the sentencing entry. *State v. Sheffey*, 8th Dist. Cuyahoga No. 98944, 2013-Ohio-2463, ¶ 36; *Brown v. Reid*,

5

8th Dist. Cuyahoga No. 94384, 2010-Ohio-527, ¶ 6 (finding no support "for the proposition that R.C. 2929.41(B)(1) requires that the language for consecutive sentences must be made in the sentencing entry for the misdemeanor case").  At sentencing in the present case, the court stated: "I am ordering on each count 90 days in jail.  I'm going to suspend the jail at this time.  * * *  [S]o there will be 90 days on each count for a total of 720 days suspended."  The court's intention that the 90-day sentences be imposed consecutively cannot be reasonably questioned.

{¶19}  The second assignment of error is without merit.

**Assignment of Error No. 3: Appellant's sentence of 720 days of jail is contrary to law because it exceeds the maximum jail sentence authorized by law.**

{¶20}  "When consecutive sentences are imposed for misdemeanor under [R.C. 2929.41], the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months."  R.C. 2929.41(B)(1).

{¶21}  Bechtel correctly argues that the municipal court's 720-day jail sentence (= 28.63 months) violates this provision thus rendering the sentence contrary to law.

{¶22}  The State counters that no reversible error exists because R.C. 2929.41(B)(1) is "self-executing," and "therefore there is no need to amend the sentence or remand for further proceedings, even where the sentencing entry includes an aggregate sentence in excess of the statutory maximum amount."  Appellee's brief at 14, citing State v. Barnes, 12th Dist. Clermont No. CA2008-10-090, 2009-Ohio-3684, ¶ 11.

{¶23}  This court has expressly rejected the approach by Barnes in State v. Cooper, 11th Dist. Ashtabula Nos. 2015-A-0042 et al., 2016-Ohio-4730.  In Cooper, we

6

held that an aggregate misdemeanor sentence in excess of 18 months is contrary to law and that it is an inadequate remedy for an appellate court to merely declare that a defendant cannot be made to serve the time to which he has been sentenced. *Id.* at ¶ 19-20. Rather, the appropriate remedy is for the appellate court to modify the sentence to comply with R.C. 2929.14(B)(1) and then affirm the sentence as modified. *Id.* at ¶ 20; *Maumee v. Hensley*, 6th Dist. Lucas No. L-18-1205, 2019-Ohio-2050, ¶ 8 ("we agree * * * that correcting the error on appeal is the clearest way to resolve any misdemeanor sentences that violate the 18-month maximum term, and is most consistent with our constitutionally defined jurisdictional authority to 'review and affirm, modify, or reverse judgments'").

{¶24} Accordingly, Bechtel's sentence is modified so that she is subject to a maximum of 18 months in jail if she is found to have violated the terms of her community control sanction. The third assignment of error is with merit.

**Assignment of Error No. 4: The Judgment Entry of Conviction and Sentencing is not a final order because it does not state the method of payment for the $85,296.10 ordered restitution.**

{¶25} Bechtel claims the Change of Plea and Sentencing Judgment Entry is not a final order because it fails to specify a recipient of the restitution.[1] She relies on a line of cases for the broad proposition that "[a] judgment entry ordering restitution is not final and appealable if the entry fails to provide either the amount of restitution or the method of payment." *Toledo v. Kakissis*, 6th Dist. Lucas No. L-07-1215, 2008-Ohio-1299, ¶ 3.

---

1. While we are inclined to dismiss as invited error the argument of an appellant that the judgment she has appealed is not final, the issue is jurisdictional and one we must address regardless of how it is raised. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6 ("[a] court of appeals has no jurisdiction over orders that are not final and appealable").

Failing to provide a "method of payment" means that "the judgment entry does not specify the intended recipients of the restitution." *State v. Fite*, 4th Dist. Adams No. 10CA888, 2011-Ohio-507, ¶ 5. Such judgments are not deemed final because further action is contemplated by the sentencing court: "if a judgment entry does not specify who is entitled to that restitution, the judgment entry leaves a significant issue unresolved." *State v. Thompson*, 4th Dist. Ross No. 11CA3258, 2012-Ohio-639, ¶ 9.

{¶26} The failure of the municipal court to identify the recipient of the restitution does not render the judgment interlocutory. In contrast to the cases cited by Bechtel, the judgment in the present case does not contemplate further action by the court inasmuch as there is no ambiguity as to the recipient. The "restitution" ordered by the court is pursuant to R.C. 959.99(E)(6)(b) which provides: "A court may order a person who is convicted of or pleads guilty to a violation of section 959.131 of the Revised Code [cruelty to companion animal] to reimburse an impounding agency for the reasonably necessary costs incurred by the agency for the care of a companion animal that the agency impounded as a result of the investigation or prosecution of the violation * * *." The recipient of the restitution/reimbursement is defined by statute as the impounding agency.

{¶27} As noted by other appellate courts, the cases relied upon by Bechtel "have involved situations where courts have failed to set forth an ascertainable amount or how the amount ordered is to be allocated to multiple victims." *State v. Beal*, 2d Clark No. 2015-CA-91, 2016-Ohio-3271, ¶ 14; *State v. Lowe*, 1st Dist. Hamilton No. C-130048, 2013-Ohio-4224, ¶ 8 (although it did not specify the amount of restitution, "the sentencing entry in this case contained no suggestion that the court contemplated or anticipated further proceedings" and, therefore, could be appealed). Here, the Sentencing Entry

8

established a definite sum which, pursuant to statute, is to be paid as reimbursement to the impounding agency. No further action is contemplated and there is no issue with the Entry's finality.

{¶28} The fourth assignment of error is without merit.

**Assignment of Error No. 5: Appellant's sentence is contrary to the law because the government is not a victim for purposes of restitution.**

{¶29} Bechtel cites the following authority in support of her argument that restitution to the government is not authorized by law: "restitution cannot be ordered to be paid to a humane society—or other governmental entity—for the costs of caring for an animal victim of abuse under R.C. 2929.28." *State v. Marcellino*, 2019-Ohio-4837, 149 N.E.3d 927, ¶ 30 (11th Dist.).

{¶30} As noted in the preceding assignment of error, the restitution order in the present case is authorized reimbursement to the impounding agency pursuant to R.C. 959.99(E)(6)(b). Furthermore, the State points out that R.C. 959.99(E)(6)(b) was not applicable in *Marcellino* which involved charges of cruelty to animals under R.C. 959.13 rather than cruelty to companion animal under R.C. 959.131 as in the present case.

{¶31} The fifth assignment of error is without merit.

**Assignment of Error No. 6: The trial court erred when its conviction and sentencing Judgment ordered appellant to pay a total of $1,600.00 in fines, but at the sentencing hearing it stated that the fines were to run concurrently for a total of $200.00.**

{¶32} Bechtel argues the municipal court abused its discretion by ordering her to pay $1,600 in fines in the Sentencing Entry while stating at the sentencing hearing that the fines were to run concurrently for a total of $200.

9

{¶33} We find neither inconsistency nor error in the sentence with respect to fines. At the hearing, the municipal court stated that, "on each of the counts, this is going to be a $200 fine, and the fines are going to run concurrent for a total of a $200 fine." In the Sentencing Entry, the court imposed $200 fines for each count and suspended them except for Count A for a total fine of $200. Although the court did modify its language regarding the fines from imposing concurrent fines to suspended fines, the result with respect to the fines is the same – the aggregate fine imposed is $200.

{¶34} The sixth assignment of error is without merit.

**Assignment of Error No. 7: The Trial Court's sentence requiring payment of restitution in the amount of $85,296.10 violates the Eighth Amendment because it is an excessive fine.**

{¶35} The basis for Bechtel's argument is the amount of restitution (or reimbursement) "is grossly disproportionate to the wrong alleged to have been committed, and it is so large that it deprives appellant of her ability to survive." Appellant's brief at 25.

{¶36} The Ohio Supreme Court has recognized that restitution "serves both remedial and punitive purposes." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 23. To the extent that reimbursement to an impounding agency pursuant to R.C. 959.99(E)(6)(b) could be considered punitive, the amount of reimbursement must be "extreme" and "grossly disproportionate to the crime" to violate the Eighth Amendment. (Citations omitted.) *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 37.

{¶37} The amount of reimbursement in the present case does not violate the

10

Eighth Amendment. At sentencing, the State set forth in detail how the sum of $85,296.10 was calculated and the reasonableness of this calculation has not been challenged. It is worth noting that 97 animals were initially seized requiring food, shelter, and medical attention, and that Bechtel took legal action to block the impounding agency from adopting the animals thereby increasing the costs of impounding. *Compare United States v. Dubose*, 146 F.3d 1141, 1146 (9th Cir.1998) ("the full amount of restitution is inherently linked to the culpability of the offender" and "does not require an inquiry into the hardship the sanction may work on the offender").

{¶38} The seventh assignment of error is without merit.

**Assignment of Error No. 8: The trial court abused its discretion in refusing to delay sentencing.**

{¶39} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus. "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.* at 67. Additional factors to consider include: "the length of delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors." *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990).

{¶40} Following the entry of the change of plea, the municipal court proceeded to sentencing. Counsel for Bechtel moved to continue the sentencing hearing to "do a little bit more research" on whether the charges should merge. Although the court initially indicated it would set a date for sentencing, it later decided to commence a backup trial

11

scheduled for that day during which time the merger issue could be researched. When court reconvened for sentencing, counsel again requested a continuance of sentencing because she could only conduct limited research using her phone.

{¶41} We find no abuse of discretion in the municipal court's refusal to continue sentencing. Bechtel was advised prior to entering her plea that the court could proceed to sentencing. R.C. 2937.07 (after receiving the plea, "the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence"). Bechtel has not identified anything that rendered the merger issues particularly novel or complex so that delay would be justified. She was allowed to argue for merger prior to the imposition of sentence. Her claim that the court denied the continuance because she intended to appeal is not convincing. It was understood that the case would be appealed prior to the entry of her plea. Moreover, Bechtel had already delayed the proceedings by filing an interlocutory appeal with this court and two Affidavits of Disqualification with the Ohio Supreme Court. In the present case, any potential prejudice to Bechtel was outweighed by the court's right to control its docket and the public's interest in the prompt and efficient administration of justice.

{¶42} The eighth assignment of error is without merit.

**Assignment of Error No. 9: The Trial Court abused its discretion and violated Appellant's Constitutional Right under the Fourth Amendment when it failed to timely Rule on Appellant's Motions to Unseal Search Warrant Affidavit.**

{¶43} Prior to the initiation of charges in this criminal case, an affidavit was submitted to obtain a search warrant for the premises at 36370 Vine Street in Eastlake where the animals were seized. The affidavit was ordered sealed in *In re 36370 Vine*

12

*Street*, Willoughby Mun. Case No. 2019 MIS 00001. In July and August 2019, Bechtel filed Motions in *In re Vine Street* to unseal the affidavit. At a September 10, 2019 hearing in the present case – nine days before the scheduled trial date of September 19, Bechtel orally requested that the affidavit be unsealed. The State did not object and produced the affidavit for viewing at the hearing. The September 19 trial date was continued on account of Bechtel filing an Affidavit of Disqualification on September 12.

{¶44} Bechtel argues on appeal that the municipal court's delay in unsealing the affidavit "was significantly prejudicial to appellant and affected her ability to prepare for her defense." Appellant's brief at 28.

{¶45} We find no error. Bechtel was dilatory in raising the issue in the present case until shortly before the scheduled trial date. She was provided the affidavit the same date she requested it. Moreover, trial did not occur until October 29, 2019, over a month after she was allowed to view the affidavit thus obviating her otherwise vague claim of significant prejudice.

**Assignment of Error No. 10: The Trial Court abused its discretion and violated Appellant's Constitutional Right to Due Process when it refused to continue the trial because the four-month request was outside the rules of superintendence and extra time was not warranted.**

{¶46} The municipal court originally set a trial date of September 19, 2019. On August 10, Bechtel sought a four-month continuance of the trial date. She renewed the request for a continuance on September 3 and 9. For cause, Bechtel cited outstanding discovery issues; and "immense" workload including over 600 files of surveillance footage from the day the animals were seized which needed to be converted into a "viewable format"; and the unavailability of her expert witness. In denying the Motions, the court

13

noted that trial had been scheduled two months in advance and that granting Bechtel an additional four months would put it outside of the 90 days prescribed for bringing second-degree misdemeanor cases to trial. Sup.R. 39(B)(1) and R.C. 2945.71(B)(2). The court also stated that "the State had no objection to testimony from the witness via skype or another similar mode."

{¶47} On appeal, Bechtel argues that her reasons for delay were "legitimate" while the municipal court's reason for denying a continuance was "not sound." We disagree. The desire to bring a case to trial within the prescribed time limits is reasonable. Bechtel's reasons for delay may be legitimate but they are hardly compelling. She never explained why the surveilance video was material to her case while the State was willing to accommodate her expert witness by allowing remote testimony. Without more, the denial of the continuance was not an abuse of discretion.

{¶48} The tenth assignment of error is without merit.

**Assignment of Error No. 11: The Trial Court lacked
jurisdiction over appellant because no R.C. 959.132 probable
cause determination was made by the trial court in
Willoughby Municipal Court Case No. 19MIS00001, *In re:
36370 Vine Street*.**

{¶49} Bechtel asserts that a trial court lacks subject matter jurisdiction to prosecute cruelty against companion animals unless there has been a "probable cause" determination made under R.C. 959.132.

{¶50} Bechtel's assertion is wholly unsupported by anything in either the statutory or case law. The probable cause determination provided for in R.C. 959.132 is only for the purpose of seizing and impounding an animal that is belived to be the subject of cruelty against companion animals. The elements of a charge of cruelty against

14

companion animals do not reference a probable cause determination pursuant to R.C. 959.132. The case cited by Bechtel, *State v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, succinctly describes the distinct purposes of each statute: "R.C. 595.131 defines the various criminal offenses that can be committed against companion animals," and "R.C. 595.132 sets forth the statutory procedure for the seizure and impoundment of companion animals while a defendant's criminal case is pending." *Id.* at ¶ 29.

{¶51} The eleventh assignment of error is without merit.

**Assignment of Error No. 12: The explanation of circumstances prior to conviction did not include facts supporting all of the essential elements of the offenses charged and therefore the trial court erred in finding appellant guilty without sufficient evidence.**

{¶52} "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07.

{¶53} "Under R.C. 2937.07, when a court finds a defendant guilty after that defendant has entered a no contest plea, the record must provide an 'explanation of circumstances' which includes a statement of the facts supporting all of the essential elements of the offense." *Broadview Heights v. Kreuger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 10. "The explanation of circumstances 'serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.'" (Citation omitted.) *State v. Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 7 (2d Dist.). "[A]n explanation of circumstances necessarily involves, at a minimum, 'some positive recitation of facts which, if the court find them to be true, would permit the court to enter a guilty verdict and

15

a judgment of conviction on the charge to which an accused has offered a plea of no contest.'" (Citation omitted.) *Euclid v. Cannon*, 2018-Ohio-286, 105 N.E.3d 481, ¶ 7 (8th Dist.).

{¶54} The prosecutor provided the following explanation of circumstances to the municipal court:

> [A] search warrant * * * was served on the premises * * * on May the 2nd of 2019 at 36370 Vine Street. * * * And it is the operation of the Animal Rescue Center, which is a nonprofit organization which is headed by Ms. Bechtel and was assisted by Ms. Brantweiner.
>
> * * *
>
> The investigating officers found that there was fecal matter and urine all over the floors, which were sticky, cages were stacked on each other so that fecal and urine matter might go down upon other animals. There were urine-soaked newspaper where the animals were. Most of the animals did not have food or water. Some of the animals appeared to be emaciated, many of them had a condition of weeping eyes and skin conditions. Some of them seemed to be wet with urine and fecal matter.
>
> There * * * were 97 dogs and cats. * * * [M]any of the cats were breathing through their mouths instead of through their nose, which is an indication of suffering. There's green pus surrounding the eyes on many of the animals. * * * [A]nd what they found in there was summarized by a report by Dr. Amy Wolfgang, State's Exhibit 52. I would like to present State's Exhibit 51, which is the police report. State-plaintiff's Exhibit 52 which is the examination [of the animals] by Dr. Amy Wolfgang. I will not go into it in detail, but the Court can review it, that there was -- that the conditions of suffering were substantiated. I would also like to submit State's Exhibits 1 through 46, which are photographs of the interior of the building.
>
> * * *
>
> Then in addition, Your Honor, we have State's Exhibit 47, which is a Facebook post made by Defendant Brantweiner that * * * admits that they were overcrowded and that they were overwhelmed. So we would submit all these things as part of the State's obligation to show that there was reason for the offense.

16

* * *

A number of the charges have to do with lack of adequate food and water. Some of the animals were emaciated and some of the * * * animals were dehydrated as proved by a pinch test, which is a skin turgor test while represented in the veterinary field [sic], and I would just for further clarity, under Count A, 959.131(D)([1]) pertained to 12 dogs identified [by names and numbers]. And then under Count B, which pertained to 22 puppies under 959.131(D)(1) pertain to [animals identified by names and numbers]. The next count, Count C, would be [animals identified by names and numbers]. Under Count D, which is a violation of 959.131(D)(1) [animals identified by names and numbers].

All of those counts are violations of section 959.131(D)(1) unnecessary or unjustifiable pain or suffering caused, permitted, or continue where there was a reasonable remedy or relief. All of these animals were suffering because of the urine and fecal ammonia which caused their eyes and throat to burn and also a number of other veterinary problems, including open wounds, exposed --- one of them had an exposed tendon, and they had a number of other ailments which were untreated.

Under * * * Count E, which is a violation of section 959.131(D)(2) pertains to [animals identified by names and numbers]. And Count G, the same statute pertains to [animals identified by names and numbers]. And under Count H, which is also a violation of 959.131(D)(2), [animals identified by names and numbers].

Each of sections of E, F, G, and H, those animals were suffering from lack of adequate food and/or water such that it could reasonably believe the animal would become sick or some other way suffer.

All these animals either tested to be dehydrated under the defendants' care because the defendants both were the custodians, caretakers, or keepers, confiners of the animals, or else they were emaciated or under[weight] due to inadequate food.

{¶55} Bechtel contends the foregoing explanation of circumstances was insufficient because it failed to establish all of the essential elements of the offenses charged. For example, negligence is the culpable mental state, and thus an essential

17

element, for violations of R.C. 959.131(D)(1) and (D)(2). Yet "[n]ot only did the State not even utter the words 'negligent', or 'negligence', it also failed to state any facts which would satisfy the negligence element of R.C. 959.131." Furthermore, "the State failed to present any facts showing that food and water was not provided" and the names and numbers by which the animals were identified were not set forth in the Complaints. Appellant's brief at 34. Additionally, Bechtel argues at length that the names and numbers by which the animals were identified at the plea hearing and in Dr. Wolfgang's report do not correspond to the "animal inventory" of animals seized on May 2. Appellant's reply brief at 4.

{¶56} We find the explanation of circumstances sufficient to sustain the findings of guilt. It was not necessary for the prosecutor to state in the explanation that Bechtel had acted negligently. That element was alleged in the Complaints and, by virtue of entering her no contest plea, Bechtel admitted the truth of the allegation. Crim.R. 11(B)(2). In the explanation of circumstances, the State was required to present facts that would substantiate this admission. The facts that Bechtel was in charge of an animal rescue center having the custody of 97 dogs and cats suffering from various degrees of neglect and mistreatment and that there was an awareness that the facility was overcrowded and overwhelmed certainly supports a finding that she, through a substantial lapse from due care, failed to perceive or avoid the risk of the animals in her custody being subject to the conditions described by the State. Again, by pleading no contest Bechtel has admitted that the animals in her custody were deprived of food and water. The fact that dehydrated and emaciated animals were found in her custody substantiates the admission.

18

{¶57} With respect to the identification of the animals by names and numbers, the animal inventory relied upon by Bechtel was neither presented to the municipal court at the plea hearing nor otherwise admitted into evidence. It is attached to her reply brief as an appendix. Accordingly, it is of no value in considering the sufficiency of the State's explanation of circumstances. Loc.App.R. 16(B)(1) ("appendices to the brief shall not be employed without leave of court").[2]

{¶58} The twelfth assignment of error is without merit.

### Assignment of Error No. 13: The trial court abused its discretion by ordering appellant to conduct discovery.

{¶59} Ohio's Criminal Rules provide: "If the defendant serves a written demand for discovery or any other pleading seeking disclosure of evidence on the prosecuting attorney, a reciprocal duty of disclosure by the defendant arises without further demand by the state." Crim.R. 16(H)(1). "Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures." Crim.R. 16(A). "The reciprocal requirements of Criminal Rule 16 for discovery are triggered by the request for discovery by the defendant." *State v. Kesler*, 3d Dist. Seneca No. 13-13-35, 2014-Ohio-3376, ¶ 8.

{¶60} On July 31, 2019, the State filed a Motion asking the municipal court to declare that reciprocal discovery had been triggered by Bechtel's requests to examine the seized animals filed in the *Vine Street* case. On August 7, 2019, the State filed another Motion for Discovery seeking an order from the court for Bechtel to provide reciprocal discovery. The court never ruled on either Motion.

---

2. We note that the State's identification of animals in its explanation of circumstances is largely consistent with the Amended Bill of Particulars filed on July 31, 2019.

{¶61} The issue was addressed at the September 10, 2019 pretrial hearing. In the subsequent Entry, the municipal court held: "This Court is not required to issue an order compelling discovery. The parties have been directed to Crim.R. 16. If either party fails to comply with the rule, the Court may prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." The court reiterated its position on October 29, the day trial was scheduled to begin. When pressed by counsel for Bechtel, the court replied that it would reserve its ruling on the admissibility of evidence until the "appropriate time."

{¶62} Bechtel construes the municipal court's ruling (or non-ruling) as an order to produce discovery. "[A]ppellant was never able to obtain a clear indication from the trial court as to whether her evidence could be introduced at trial," and thus she "had no choice but to plead no contest with an assertion of innocence." Appellant's brief at 35.

{¶63} By pleading no contest, however, Bechtel has waived the right to challenge the municipal court's ruling regarding discovery which, in effect, was a ruling in limine inasmuch as no finality attached to it. *State v. French*, 72 Ohio St.3d 446, 450, 650 N.E.2d 887 (1995) ("[a] ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling"). *See State v. Cyrek*, 12th Dist. Butler No. CA2019-02-037, 2019-Ohio-4515, ¶ 16 ("a plea of no contest generally waives the offender's right to appeal a trial court's ruling on a motion in limine"); *State v. Humphries*, 5th Dist. Stark No. 2018 CA 00157, 2019-Ohio-2878, ¶ 6 (cases cited).

> Judicial economy could not be served by an appeal of such a ruling after a plea of no contest. Rather, it is more efficient for the case to proceed to trial and for the evidentiary issue to be finally determined

20

at trial. A plea of no contest and an immediate appeal would be premature and would not afford the appellate court the benefit of a complete record upon which to review the issue. * * * By entering a plea of no contest in such a case, the defendant voluntarily waives the right to appeal the ruling on the motion.

*State v. Engle*, 74 Ohio St.3d 525, 529, 660 N.E.2d 450 (1996) (Resnick, J., concurring).

{¶64} The thirteenth assignment of error is without merit.

{¶65} For the foregoing reasons, Bechtel's assignments of error are without merit except for the third assignment of error. Bechtel's sentence is modified so that she is subject to a maximum of 18 months in jail if she is found to have violated the terms of her community control sanction. As modified, Bechtel's convictions and sentence are affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

21