[Cite as *S. Euclid v. Bargainer*, 2022-Ohio-4394.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SOUTH EUCLID,                    :

    Plaintiff-Appellee,              :

                                 No. 111490

    v.                                :

SONYA D. BARGAINER,                      :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the
South Euclid Municipal Court
Case Nos. CRB2200053, CRB2200069, CRB 2200105, CRB2200131,
CRB2200132, CRB2200159 and CRB2100621-A

---

*Appearances:*

Michael P. Lograsso, South Euclid Director of Law; Nicola, Gudbranson and Cooper, LLC, and Michael E. Cicero, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Sonya D. Bargainer, appeals her sentence. For the reasons that follow, we reverse and remand the cases to the trial court for resentencing.

{¶ 2} In March 2022, Bargainer appeared before the trial court on 12 separate cases charging her with multiple counts of theft, escape, and trespassing. She entered into a plea agreement with city whereby she agreed to plead guilty in seven cases to seven first-degree misdemeanors — five counts of theft and two counts of escape; the trespassing charges were dismissed. The trial court imposed the following sentences.

{¶ 3} In South Euclid M.C. No. CRB2100621-A, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the theft offense, with credit for 21 days. The trial court suspended the $1,000 fine and court costs based on a finding of indigency.

{¶ 4} In South Euclid M.C. No. CRB2200053, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the theft offense, with no jail-time credit. The trial court suspended the $1,000 fine and court costs based on a finding of indigency. The court ordered the sentence to be served consecutively to the sentence imposed in CRB2100621-A.

{¶ 5} In South Euclid M.C. No. CRB2200069, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the theft offense, with no jail-time credit. The trial court suspended the $1,000 fine and court costs based on a finding

of indigency.  The court ordered the sentence to be served concurrently with the sentences imposed in CRB2200053 and CRB2100621-A.

{¶ 6}  In South Euclid M.C. No. CRB2200105, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the theft offense, with no jail-time credit.  The trial court suspended the $1,000 fine and court costs based on a finding of indigency.  The court ordered the sentence to run concurrently with the sentence imposed in CRB2200069.

{¶ 7}  In South Euclid M.C. No. CRB2200159, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the theft offense, with no jail-time credit.  The court suspended the $1,000 fine and court costs based on a finding of indigency.  The court ordered the sentence to run consecutively to the sentences imposed in CRB2100621-A and CRB2200053.

{¶ 8}  In South Euclid M.C. No. CRB2200131, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the escape offense, with 21 days of jail-time credit.[1]  The trial court suspended the $1,000 fine and court costs based on finding of indigency.  The court ordered the sentence to run consecutively to the sentences imposed in CRB2200159, CRB2200053, and CRB2100621-A.

{¶ 9}  In South Euclid M.C. No. CRB2200132, the court ordered Bargainer to serve 180 days in the Cuyahoga County jail on the escape offense, with 21 days of jail-time credit.  The trial court suspended the $1,000 fine and court costs based on

---

[1] At the sentencing hearing, the trial court did not award any jail-time credit on this case.  However, the trial court's journal entry awarded Bargainer 21 days of jail-time credit.

a finding of indigency. The court ordered the sentence to run consecutively to the sentences imposed in CRB2200105 and CRB2200069, but concurrent to the consecutive sentences imposed in CRB2200131, CRB2200159, CRB2200053, and CRB2200621-A.[2] Accordingly, the trial court imposed a total aggregate jail sentence of 720 days, which is equivalent to over 23 months.

{¶ 10} Bargainer now appeals, raising two assignments of error.

{¶ 11} When a misdemeanor sentence is not contrary to law, the sentence is reviewed for an abuse of discretion. *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 11, citing *Cleveland v. Peoples*, 8th Dist. Cuyahoga No. 100955, 2015-Ohio-674, ¶ 13. In her first assignment of error, Bargainer contends that the trial court erred in imposing a sentence that was contrary to law. We agree.

{¶ 12} Pursuant to R.C. 2929.19(B)(1), when consecutive sentences are imposed for misdemeanor convictions, the total "aggregate term to be served shall not exceed eighteen months." In this case, the trial court ordered Bargainer to serve consecutive sentences, totaling 720 days — equivalent to over 23 months. Because her aggregate sentence exceeds the statutory maximum of 18 months, Bargainer's sentence is contrary to law. *See, e.g., State v. Bechtel*, 11th Dist. Lake Nos. 2019-L-145, 2019-L-146, 2019-L-147, 2019-L-148, 2019-L-149, 2019-L-150, 2019-L-151 and

---

[2] At the sentencing hearing, the trial court ordered this case to be served concurrent with CRB2200105 and CRB2200069. However, the trial court's journal entry ordered Bargainer to serve this case consecutively to CRB2200105 and CRB2200069, but concurrently to the other cases.

2019-L-152, 2020-Ohio-4889, ¶ 20-21 (municipal court's 720-day sentence violated R.C. 2929.19(B)(1) and thus, the sentence was contrary to law).

{¶ 13} Accordingly, we reverse Bargainer's sentences and remand the cases to allow the trial court to impose a lawful sentence in accordance with R.C. 2929.19. Bargainer's first assignment of error is sustained.

{¶ 14} Finding merit to Bargainer's first assignment of error and remanding the matter for resentencing, the second assignment of error regarding jail-time credit is hereby rendered moot. Nevertheless, the state concedes that Bargainer is entitled to jail-time credit. Accordingly, the trial court shall also award jail-time credit where appropriate at resentencing.

{¶ 15} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR