[Cite as *State v. Williams*, 2022-Ohio-4062.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0043 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| PIERRE L. WILLIAMS, | Trial Court No. 2021 CR 00917 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Pierre L. Williams ("Mr. Williams"), appeals from the judgment entry of the Trumbull County Court of Common Pleas, which sentenced him to serve 180-days in jail after he pleaded guilty to one count of domestic violence, a first-degree misdemeanor.

{¶2}   Mr. Williams raises one assignment of error on appeal, in which he contends the trial court erred in sentencing him to serve time in jail, contrary to the purposes of misdemeanor sentencing.

{¶3} After a careful review of the record and pertinent law, we overrule Mr. Williams' assignment of error, finding it to be without merit. During the sentencing hearing, the trial court reviewed Mr. Williams' extensive criminal history, which included five domestic violence convictions, as well as a conviction that occurred while this case was pending (not a pending charge as Mr. Williams suggests). In addition, the probation department recommended that he should not be placed on probation. Mr. Williams' previous sentences, which consisted mostly of probation, seemingly did nothing to deter him from repeatedly committing the same type of offense. Further, his sentence is within the statutory range, and there is nothing to suggest that his sentence is contrary to law. Thus, we cannot say the trial court abused its discretion by sentencing Mr. Williams to serve 180-days in jail.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} After being bound over from the Warren Municipal Court to the Trumbull County Court of Common Pleas, a grand jury handed down an indictment charging Mr. Williams with one count of domestic violence, with a previous domestic violence conviction, a fourth-degree felony, in violation of R.C. 2919.25(A), (D)(1) and (D)(3).

{¶6} Mr. Williams entered into a plea agreement with the state, and the court accepted his guilty plea to one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A), (D)(1), and (D)(2).

{¶7} Several months later, after a pre-sentence investigation, the case proceeded to a sentencing hearing. The victim, Mr. Williams' daughter, urged the court to order anger management and rehabilitation instead of serving time in jail. The court

2

stated it "reviewed the presentence investigation prepared by the Adult Probation Department. The Court does take note the Defendant has five prior convictions for Domestic Violence, as well as an additional conviction for Domestic Violence while this case was pending."

{¶8} The court sentenced Mr. Williams to serve 180 days in the county jail.

{¶9} Mr. Williams raises one assignment of error on appeal:

{¶10} "The court erred in sentencing the Appellant to incarceration contrary to the purposes of misdemeanor sentencing."

## Misdemeanor Sentencing

{¶11} In his sole assignment of error, Mr. Williams contends the trial court erred in imposing a jail sentence contrary to the purposes of misdemeanor sentencing because the victim requested community control with a focus on alcohol and anger management treatment, the state made no request for jail time, and further, the trial court impermissibly referenced a pending domestic violence charge in an unrelated case.

{¶12} "'Misdemeanor sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion.'" *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶ 53, quoting *Conneaut v. Peaspanen*, 11th Dist. Ashtabula No. 2004-A-0053, 2005-Ohio-4658, ¶ 18. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶13} R.C. 2929.21(A) provides that a court sentencing a misdemeanor offender "shall be guided by the overriding purposes of misdemeanor sentencing," i.e., "to protect

3

Case No. 2022-T-0043

the public from future crime by the offender and others and to punish the offender." A sentence imposed for a misdemeanor "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶14} To achieve the two overriding purposes of misdemeanor sentencing, the sentencing court must consider the criteria set out in R.C. 2929.22(B). *State v. Cooper*, 11th Dist. Ashtabula Nos. 2015-A-0042, 2015-A-0043, 2015-A-0044, & 2015-A-0045, 2016-Ohio-4730, ¶ 9. R.C. 2929.22 does not, however, mandate that the trial court state on the record that it considered the applicable statutory factors. *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2011-Ohio-4172, ¶ 8. "'A silent record raises the presumption that the trial court considered all of the factors * * *.'" *State v. Peppeard*, 11th Dist. Portage No. 2008-P-0058, 2009-Ohio-1648, ¶ 75, quoting *Peaspanen* at ¶ 26. Consequently, when the misdemeanor offender's sentence is within the statutory limits and there is no affirmative indication on the record that the trial court failed to consider the factors set forth in R.C. 2929.22, the reviewing court is to presume the trial court considered the applicable statutory factors when it imposed the sentence. *Peaspanen* at ¶ 18.

{¶15} Because a silent record raises the presumption that the trial court considered the misdemeanor purposes and factors pursuant to R.C. 2929.21 and R.C. 2929.22, and Mr. Williams' sentence is within the statutory limits, we cannot say the trial court abused its discretion in ordering Mr. Williams to serve 180-days in jail. During the sentencing hearing, the trial court reviewed Mr. Williams' extensive criminal history, which

4

included five domestic violence convictions. Further, the probation department recommended that he should not be placed on probation.

**{¶16}** In addition, we do not need to address Mr. Williams' argument that the trial court erroneously considered a pending charge during sentencing because, as our review of the transcript reveals, the trial court considered an additional *conviction* that occurred while the instant case was pending.

**{¶17}** The court reviewed that Mr. Williams' previous sentences, which consisted mostly of probation, seemingly did nothing to deter him from repeatedly committing the same type of offense. Mr. Williams' sentence is within the statutory range, and there is nothing to suggest that his sentence is contrary to law.

**{¶18}** Mr. Williams' assignment of error is overruled.

**{¶19}** The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

5